UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN C. BOYDSTON,

        Plaintiff,

    v.

ASSET ACCEPTANCE LLC,

        Defendant.
_____/

No. C-06-04999 JCS

**ORDER TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

## I. INTRODUCTION

Defendant, Asset Acceptance LLC, ("Asset") brings this Motion for Summary Judgment ("the Motion"), seeking dismissal of Plaintiff John Boydston's claim that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA limits the use of "an artificial or prerecorded voice" in calls to residential telephone lines and prescribes technical and procedural standards for regulating such automated calls. Plaintiff initially filed his Complaint in the Small Claims Division of the Superior Court of the State of California in and for the County of San Francisco, seeking $500 in statutory damages. Defendant removed the action to the Federal District Court for the Northern District of California. For the reasons stated below, the Court remands for lack of subject matter jurisdiction. The Court, therefore, declines to rule on Defendant's Motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2006, Plaintiff, appearing pro se, filed a small claims complaint in the San Francisco County Superior Court. *See* Notice of Removal, Ex. A (Complaint). Plaintiff's Complaint conclusorily alleges that on March 13, 2006, Defendant violated the Telephone

Consumer Protection Act. *Id.* The Complaint does not specify which provisions of the TCPA Defendant allegedly violated. *Id.*

Plaintiff produced for Defendant an audio cassette recording of an automated voice mail message allegedly left for him by Defendant on March 13, 2006. Topor Decl. ¶ 4. The recording contains the following automated message, which is thirty-two seconds long and repeated twice:

> This is not a solicitation or telemarketing call. Please return this call at 1-866-345-7725. We are available Monday through Thursday, 8 a.m. to 8:30 p.m., Friday, 8 a.m. to 7 p.m., and Saturday from 8 a.m. to 12 noon, Eastern time. Once again, our toll free number is 1-866-345-7725. Thank you.

Topor Decl. ¶ 4. Defendant does not dispute that it left the recorded message. Mot. at 2. In a letter to Defendant's counsel, Plaintiff asserts that Defendant violated regulations promulgated under the TCPA, specifically 47 C.F.R. § 64.1200(d), by not identifying itself in the automated message. Topor Decl., Ex. A.

On August 18, 2006, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441 and 1331. Docket No. 1; Notice of Removal. Defendant alleges that the District Court has proper jurisdiction because the Complaint alleges federal claims arising under the TCPA. Defendant acknowledges in a footnote that the Ninth Circuit held in *Murphy v. Lanier*, 204 F.3d 911 (9th Cir. 2000), that state courts have exclusive jurisdiction over claims under the TCPA. Nonetheless, to support removal here, Defendant cites a Seventh Circuit decision holding that the TCPA does not preclude removal when an independent basis for subject matter jurisdiction exists. *See* Docket No. 1; Notice of Removal at 2 (citing *Brill v. Countywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005)). Defendant does not, however, allege any independent basis for subject matter jurisdiction other than the TCPA in this case. *See id.*

Defendant answered Plaintiff's Complaint on August 25, 2006, denying any violation of the TCPA. *See* Docket No. 5; Def.'s Answer. Both parties consented to proceeding before a U.S. magistrate judge. *See* Docket Nos. 6, 7. An initial case management conference was held on November 17, 2006, before the undersigned magistrate judge. Docket No. 16. On May 9, 2007, Defendant moved for summary judgment on the grounds that the TCPA provides no private right of

2

action for Plaintiff's claim. Mot. at 3. Plaintiff failed to oppose Defendant's Motion for Summary Judgment. Docket No. 20; Reply Mem. of P. & A. in Supp. of Def.'s. Mot. for Summ. J. at 1.

On June 11, 2007, the Court ordered that Defendant show cause why the action should not be remanded to state court for a lack of subject matter jurisdiction. Docket No. 24; Order to Show Cause Why Action Should Not Be Remanded. Defendant filed a response on June 22, 2007, arguing that subject matter jurisdiction exists as Plaintiff's claim arises under federal law and the Ninth Circuit's opinion in *Murphy v. Lanier* is neither applicable nor binding. *See* Docket No. 25; Def.'s Resp. to Order to Show Cause re Remand.

### III. Legal Standard

#### A. Removal

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court a claim filed in state court that could have initially been brought in federal court.[1] 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The propriety of removal depends, in part, upon whether the claim falls within the district court's subject matter jurisdiction. *Brodeur v. Swan Fin. Corp.*, No. 4:05CV2418 DDN, 2006 WL 950208, at *1 (E.D. Mo. Apr. 11, 2006). As federal courts have limited jurisdiction, they are presumed to lack jurisdiction unless the contrary is established. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981). The burden of establishing subject matter jurisdiction rests with the party seeking removal. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Removal statutes are to be strictly construed and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

The Court may remand an action to state court for lack of subject matter jurisdiction or for any defect in the removal procedure. *See* 28 U.S.C. § 1447(c); *Tengler v. Spare*, No. C-95-33421

---

[1] Title 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3

SI, 1995 WL 705142, at *2 (N.D. Cal. Nov. 15, 1995). Remand may be ordered sua sponte or upon a party's motion. *Tengler*, 1995 WL 705142, at *2. The Court may remand for lack of subject matter jurisdiction at any time. *Id. See also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

### B. Federal Question Jurisdiction Under Section 1331

In the federal courts, subject matter jurisdiction may arise from either "federal question jurisdiction" or "diversity of citizenship" when the amount in controversy exceeds $75,000. *See Caterpillar*, 482 U.S. at 392; 28 U.S.C. §§ 1331-32. Here, Defendant alleges that removal is proper because federal question jurisdiction exists. *See* Docket No. 1; Notice of Removal. Defendant does not allege that there is diversity of citizenship between itself and Plaintiff, nor does the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Consequently, the Court's jurisdiction over the action turns on whether or not federal question jurisdiction exists. *See Murphy v. Lanier*, 997 F. Supp. 1348, 1349 (S.D. Cal. 1998), *aff'd* 204 F.3d 911 (9th Cir. 2000).

Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Generally, "[a] case arises under federal law where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 227 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 436 U.S. 1, 8-9 (1983)). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (internal quotation marks omitted).

However, "alleging a violation of a federal statute is not always sufficient to invoke federal question jurisdiction." *Murphy*, 977 F. Supp. at 1349. Subject matter jurisdiction over a "formally federal cause of action may be lacking" as a result of the statute's provisions and Congressional intent. *Id.* at 1350. While section 1331 provides a general grant of subject matter jurisdiction to the

4

1 district courts over actions "arising under" federal law, this grant may be circumscribed by
2 Congress. *Id.* A federal law that creates a cause of action may assign jurisdiction over that cause of
3 action to courts other than the district court. *Id.*

### C. Claims Arising Under the TCPA

In 1991, Congress amended the Communications Act of 1934 with the Telephone Consumer Protection Act of 1991 ("TCPA"). *Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.*, 106 F.3d 1146, 1150 (4th Cir. 1997) (citing Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified as 47 U.S.C. § 227)). Congress enacted the TCPA to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and . . . restricting certain uses of facsimile . . . machines and automatic dialers." S. Rep. No. 102-178, at *1 (1991). The TCPA restricts the use of "unsolicited, automated telephone calls" to residences but also prescribes technical and procedural standards when such automated and prerecorded calls are allowed. *See* 47 U.S.C. § 227(b), (d).

A number of sections of the TCPA are potentially relevant to Plaintiff's Complaint. The TCPA limits the use of "an artificial or prerecorded voice" in calls to residential telephone lines. 47 U.S.C. § 227(b)(1)(B). Specifically, section 227(b)(1)(B) provides that "[i]t shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission. . . ." 47 U.S.C. § 227(b)(1)(B). Pursuant to 47 U.S.C. § 227(b)(2)(B), the Federal Communications Commission ("the Commission") issued regulations that provide an exemption from the prohibition on automated calls to residences for calls: i) made for emergency purposes; ii) made for non-commercial purposes; iii) made for commercial purposes but not including or introducing an unsolicited advertisement; iv) made to individuals with whom the caller has an established business relationship; and v) made by or on behalf of a tax-exempt nonprofit organization. 47 C.F.R. 64.1200(a)(2).

Section 227(b)(3) provides a private remedy for violations of section 227(b)(1)(B) and its regulations. In particular, section 227(b)(3) provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both of the above actions.

47 U.S.C. § 227(b)(3)(A)-(C).

The TCPA also prescribes technical and procedural standards for all "systems that are used to transmit any artificial or prerecorded voice message via telephone." 47 U.S.C. § 227(d)(3). Section 227(d)(3) instructs the Commission to impose standards that require all artificial or prerecorded telephone messages to identify the individual, business or other entity initiating the call and state the telephone number or address of such individual, business or other entity. 47 U.S.C. § 227(d)(3)(A); 47 C.F.R. § 64.1200(b). Even lawful artificial and prerecorded telephone messages must comply with the technical and procedural standards imposed by section 227(d)(3) and its regulations. *See* 47 C.F.R. 64.1200(d); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C.R. 8652, 8779 (1992); *Oklahoma ex rel. Edmondson v. Pope*, No. Civ-06-487-C, 2007 WL 108943, at *2, (W.D. Okla. Jan. 9, 2007).

In contrast to section 227(b)(3), the remedy for violations of the procedural and technical standards confers no private right of action. *See* 47 U.S.C. § 227(f)(1); *Kopff v. Battaglia*, 425 F. Supp. 2d 76, 90-91 (D.D.C. 2006); *Klein v. Vision Lab Telecomms., Inc.*, 399 F. Supp. 2d 528, 539 (S.D.N.Y 2005); *Adler v. Vision Lab Telecomms., Inc.*, 393 F. Supp. 2d 35, 38-39 (D.D.C. 2005). Instead, the TCPA allows States to bring suit to remedy "a pattern or practice" of violations of the TCPA. 47 U.S.C. § 227(f)(1). Section 227(f)(1) provides that "[w]henever the attorney general of a State . . . has reason to believe that any person has engaged . . . in a pattern or practice of telephone calls . . . in violation of this section or the regulations prescribed under this section, the State may bring a civil action on behalf of its residents . . . ." *Id.* Section 227(f)(2) grants the district courts of the United States exclusive jurisdiction over such State initiated actions.[2] 47 U.S.C. § 227(f)(2).

---

[2] 47 U.S.C. § 227(f)(2) provides: "The district courts of the United States, the United States courts of any territory, and the District Court of the District of Columbia shall have exclusive jurisdiction over all civil actions brought under this subsection."

## IV. ANALYSIS

The Court must construe a pro se litigant's pleadings liberally. *Martinez v. Ballas*, Civ. No. 04-785-PHX-RGS, 2006 WL 2547368, at *1 (D. Ariz. Aug. 31, 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Here, Plaintiff originally filed his form Complaint in state small claims court and only conclusorily alleged that Defendant violated the TCPA. Compl. ¶ 3. Plaintiff's Complaint does not state which section or sections of the TCPA Defendant allegedly violated. *Id.* Defendant asserts that Plaintiff is alleging violations of rules promulgated pursuant to section 227(d), which require every caller to identify itself when leaving an artificial or precorded telephone message. *See* Mot. at 1; Topor Decl., Ex. A. Plaintiff's Complaint, however, is ambiguous. It is unclear which provision of the TCPA he alleges Defendant violated. Construed liberally, Plaintiff's Complaint may allege violations of either section 227(b) or 227(d). *See* 47 U.S.C. § 227(b), (d). Defendant itself appears to be unclear on this question, arguing that removal is proper based on jurisdiction over section 227(b) claims but now seeking dismissal on the theory that Plaintiff has alleged violations of section 227(d). *See* Notice of Removal at 2; Mot. at 3. This ambiguity, however, is irrelevant as the Court lacks subject matter jurisdiction over any claim by Plaintiff pursuant to section 227(b) or 227(d). As a result, removal to this Court was improper and the action is remanded to the state small claims court where it was initiated.

### A. The Court Lacks Subject Matter Jurisdiction Over Any Claims Brought Pursuant to Section 227(b)(3)

A majority of the Circuit Courts, including the Ninth Circuit, have held that the TCPA vests state courts with exclusive jurisdiction over claims brought under section 227(b)(3). *See Dun-Rite Constr., Inc. v. Amazing Tickets, Inc.*, No. 04-3216, 2004 WL 3239533, at *2 (6th Cir. Dec. 16, 2004) ("state courts' maintenance of exclusive jurisdiction over private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims [is] well-settled."); *Murphy v. Lanier*, 204 F.3d 911, 913 (9th Cir. 2000); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 520 (3d Cir. 1998); *Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd.*, 156 F.3d 432, 438 (2d Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1289, *modified*, 140 F.3d 898 (11th Cir. 1998)*; Chair King, Inc., v. Houston Cellular Corp.*, 131 F.3d 507,

514 (5th Cir. 1997); *Int'l Sci.*, 106 F.3d at 1152; *but see Brill v. Countrywide*, 427 F.3d at 451 (noting in dicta that removal of a claim under section 227(b)(3) of the TCPA was authorized by both the Class Action Fairness Act and federal question jurisdiction).

In *Murphy v. Lanier*, the Ninth Circuit came to "the somewhat unusual conclusion that state courts have exclusive jurisdiction over a cause of action created by" a federal statute, specifically, section 227(b)(3) of the TCPA. *Murphy v. Lanier*, 204 F.3d 911, 915 (9th Cir. 2000) (quoting *Int'l Sci.*, 106 F.3d at 1150). In *Murphy*, the Ninth Circuit agreed with the Fourth Circuit's finding in *International Science* that Congress did not intend to grant federal district courts jurisdiction over private causes of action under section 227(b)(3) of the TCPA. *Id.* at 913; *see Int'l Sci.,* 106 F.3d at 115. The Fourth Circuit's holding in *International Science* was supported by both the language of the TCPA and its legislative history. *See Int'l Sci*. 106 F.3d at 1152; *Murphy*, 204 F.3d at 913. While section 227(b)(3) grants state courts exclusive jurisdiction over private causes of action, section 227(f)(2) explicitly confers federal district courts with exclusive jurisdiction over actions initiated by the states. *Int'l Sci*., 106 F.3d at 1152. The Fourth Circuit found "it significant that in enacting the TCPA, Congress wrote precisely, making jurisdictional distinctions in the very same section of the Act by providing that private actions may be brought in appropriate state courts and that actions by the states must be brought in the federal courts." *Id.* Furthermore, the Fourth Circuit found that the legislative history supported the conclusion that no federal jurisdiction exists for claims initiated under section 227(b)(3) as Congress intended to provide a "speedy, effective, and inexpensive remedy." *Murphy*, 204 F.3d at 913. Private actions under the TCPA should therefore be treated as small claims resolved in state court so long as the state allows such actions. *Id.* (citing *Int'l Sci.*, 106 F.3d at 1152). Accordingly, a claim alleged under section 227(b)(3) of the TCPA does not confer federal question jurisdiction. *See Watson v. NCO Group, Inc.*, 462 F. Supp. 2d 641, 646 (E.D. Pa. 2006) *Martinez v. Ballas*, Civ. No. 04-785-PHX-RGS, 2006 WL 2547368, at *1 (D. Ariz. Aug. 31, 2006)*; Brodeur v. Swan Fin. Corp.*, No. 4:05CV2418 DDN, 2006 WL 950208, at *3 (E.D. Mo. Apr. 11, 2006); *Redefining Progress v. Fax.com*, No. C 02-4057 MJJ, 2003 WL 926853, at *2 (N.D. Cal. Mar. 3, 2003).

Three appellate courts and a number of district courts have, however, recently clarified that while the TCPA does not confer federal question jurisdiction, the Act does not interfere with removal when an independent basis for federal subject matter jurisdiction exists. *See US Fax Law Ctr., Inc. v. Ihire, Inc.*, 476 F.3d 1112, 1118 (10th Cir. 2007) (holding that the TCPA did not preclude federal courts from hearing TCPA claims when diversity jurisdiction exists); *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 338 (2d Cir. 2006) (holding that while the TCPA does not confer federal question jurisdiction, the statute does not divest federal courts of diversity jurisdiction over TCPA claims); *Brill v. Countrywide*, 427 F.3d at 446; *Kavu, Inc. v. Omnipak Corp.*, No. C06-109RSL, 2007 WL 201093, at *2 (W.D. Wash. Jan. 23, 2007); *Klein v. Vision Lab Telecomm. Inc.*, 399 F. Supp. 2d 528, 533 (S.D.N.Y. 2005). As noted by the Tenth Circuit in *US Fax*:

> [T]he diversity statute and the TCPA are not irreconcilable. In fact, *eliminating* diversity jurisdiction would produce odd results . . . . Congress's apparent purpose in divesting federal courts of federal question jurisdiction over TCPA claims was that small claims are best resolved in state courts designed to handle them. But, this purpose has little force in a diversity suit, which by definition involves an amount in controversy exceeding $75,000.

*US Fax Law Center*, 476 F.3d at 1117 (internal citations omitted).

The Ninth Circuit has yet to address the validity of removal of TCPA claims when an independent source of federal jurisdiction exists. District Courts within the Ninth Circuit have, however, interpreted *Murphy* to foreclose only federal question jurisdiction of TCPA claims. *See Kavu,* 2007 WL 201093, at *2 (finding that *Murphy* does not preclude district courts from hearing TCPA claims when some other independent basis for jurisdiction exists); *Kinder v. Citibank*, No. 99-CV-2500 W (JAH), 2000 WL 1409762, at *3 (S.D. Cal. Sept. 14, 2000) ("*Murphy* stands for two narrow propositions: (1) Congress did not intend the TCPA to confer federal district courts with jurisdiction over private actions, and (2) the general federal question statute, 28 U.S.C. § 1331, does not apply. Nothing in the Ninth Circuit's analysis suggests that the TCPA *precludes* district courts from hearing private TCPA claims where some other independent basis for federal jurisdiction exists, such as diversity of citizenship or supplemental jurisdiction.").

Defendant relies on the Seventh Circuit's decision in *Brill* for the proposition that state courts do not have exclusive jurisdiction for claims arising under the TCPA and that therefore

9

removal of this action to federal court is proper. *See* Docket No. 1; Notice of Removal, at 2 n.1; *Brill*, 327 F.3d at 446. *Brill*, however, is distinguishable from the facts of this case. In *Brill*, the plaintiff filed suit in state court alleging that the defendant had violated section 227(b)(1)(C) of the TCPA by sending unsolicited fax advertisements and sought to represent a class of recipients. *Brill*, 427 F.3d at 447. The defendant removed the action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA") and its diversity jurisdiction requirements.[3] *Id.* The district court remanded the action to state court on the grounds that private actions under the TCPA "*never* may be removed, because state jurisdiction is exclusive." *Id.* The Seventh Circuit reversed, holding that removal was authorized by the CAFA and that the TCPA did not foreclose removal. *Id.* at 451. While the *Brill* Court noted in dicta that removal was also proper because the TCPA claim arises under federal law, CAFA and § 1332(d) provided an independent basis for federal jurisdiction. *Brill* did not hold that a private right of action under section 227(b)(3) provides an independent basis for federal question jurisdiction. As Defendant here is not alleging that diversity jurisdiction exists nor that there is an independent basis for federal jurisdiction, *Brill* does not support the removal of this action to the District Court. Moreover, this Court is bound by the Ninth Circuit's decision in *Murphy v. Lanier*, which precludes federal question jurisdiction for claims pursuant to the TCPA. *See Murphy*, 204 F.3d at 915.

This Court also rejects Defendant's suggestion that the Ninth Circuit's decision in *Murphy* is no longer good law in light of two subsequently decided Supreme Court cases. Notice of Removal at 2, n.1; Defs. Response To Order To Show Cause at 3; *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308 (2005); *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003). In *Grable & Sons*, the Internal Revenue Service ("IRS") seized plaintiff's land to satisfy federal tax delinquency. *Grable & Sons*, 545 U.S. at 310. The plaintiff subsequently brought a quiet title action in state court against the tax sale purchaser, claiming that the defendant's title was invalid because the IRS had failed to notify plaintiff of the seizure as required by federal statute. *Id.*

---

[3] CAFA amended 28 U.S.C. § 1332 which governs diversity jurisdiction, providing that the district courts shall have original jurisdiction over class actions in which there is minimal diversity and the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d); *Gottlieb*, 436 F.3d at 341 n.7.

10

at 311. Defendant removed the action to federal court, arguing that the plaintiff's claims presented a federal question as title depended on an interpretation of "notice" in the federal tax statute. *Id.* The district court declined to remand, finding that the plaintiff's claim posed a significant question of federal law. *Id.* The Sixth Circuit affirmed. *Id.* In *Grable & Sons*, the Supreme Court affirmed the Sixth Circuit's ruling, holding that absent a federal cause of action, federal question jurisdiction may lie over state law claims when the state claim turns "on substantial questions of federal law." *Grable & Sons*, 545 U.S. at 312. The Court, however, noted that a "federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound divisions of labor between state and federal courts . . . ." *Id.* at 313.

In *Breuer*, the plaintiff sued his former employer in state court under the Fair Labor Standards Act of 1938 ("FLSA"), seeking unpaid wages, liquidated damages, prejudgment interest and attorneys' fees. *Breuer*, 538 U.S. at 693. The defendant then removed the action to federal court. *Id.* at 694. The plaintiff sought to remand to state court, arguing that removal was improper because the FLSA provides that an action "may be maintained" in any state court. *Id.* The District Court denied the plaintiff's motion to remand but certified the issue for an interlocutory appeal. *Id.* The Eleventh Circuit affirmed, holding that Congress did not expressly bar removal of FLSA actions. *Id.* The Supreme Court affirmed in *Breuer*, holding that actions pursuant to the FLSA could be removed to federal court because the statute allowed plaintiffs to bring suit in either federal or state court and did not expressly bar removal. *Breuer*, 438 U.S. at 695.

These two Supreme Court decisions do not change the analysis in *Murphy* or the other appellate court decisions which hold that private claims under the TCPA do not confer federal question jurisdiction. *See Brodeur*, 2006 WL 950208, at * 4. Neither *Grable & Sons* nor *Breuer* specifically address the validity of removal of TCPA claims. In *Grable & Sons*, there was no statutory language providing for exclusive state court jurisdiction as there is in the TCPA. *See id.* In *Breuer*, the FLSA expressly provided that actions could be initiated in either state or federal court. *See id.* The TCPA stands in contrast, explicitly allowing private rights of actions to be pursued only in state court. *See id.* At least two other district courts have reached the same conclusion that neither *Grable & Sons* nor *Breuer* implicitly overrule appellate court decisions

11

holding that private claims under the TCPA do not confer federal question jurisdiction. *See Clean Air Council v. Dragon Int'l Group*, No. 1:CV-06-0430, 2006 WL 2136246, at *4 n.6 (M.D. Pa. July 28, 2006); *Brodeur*, 2006 WL 950208, at *2. Consequently, the Court finds that Defendant's appeal to *Grable* and *Breuer* also fails to support removal of the action to this Court.

### B. Violations of Section 227(d) Do Not Confer a Private Right of Action

As discussed above, section 227(d) and its regulations provide technical and procedural standards with which all "systems used to transmit any artificial or precorded voice message" must comply. Specifically, Commission regulations issued pursuant to section 227(d) require:

> All artificial or prerecorded telephone messages shall:
> (1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call . . .
> (2) During or after the message, state clearly the telephone number . . . of such business, other entity, or individual . . . .

47 C.F.R. § 64.1200(b). Section 227(f)(1) allows states to initiate actions on behalf of their citizens for a "pattern or practice" of violations of the technical and procedural standards imposed by section 227(d). 47 U.S.C. § 227(f)(1). Section 227(f)(2) vests the district courts with exclusive jurisdiction over all such actions brought by states. 28 U.S.C. § 227(f)(2).

In contrast to section 227(b)(3), the TCPA does not provide a private right of action for violations of the technical and procedural standards imposed by section 227(d). *Cf. Kopff v. Battaglia*, 425 F. Supp. 2d 76, 91 (D.D.C. 2006) (finding that "Congress plainly opted not to permit a private civil action for violations of the fax-sender identification requirements. . . [and that t]he fax identification regulations . . . were issued pursuant to subsection (d) of section 227, and thus there is no private right of action under the TCPA for violation") (internal citations omitted); *Klein v. Vision Lab Telecomms., Inc.*, 399 F. Supp. 2d 528, 539 (S.D.N.Y. 2005) ("[U]nder the TCPA, it is the province of the state attorneys general and the F.C.C. to sue fax broadcasters for technical violations . . . ."); *Adler v. Vision Lab Telecomms., Inc.*, 393 F. Supp. 2d 35, 38-39 (D.D.C. 2005) (holding that a private right of action does not exist for improperly identified faxes). The TCPA entitles individual citizens to relief for the receipt of unsolicited telephone or fax advertisements, but not for procedural or technical deficiencies in those lawfully received. *See Klein*, 399 F. Supp. 2d at 540-

41. As noted by the District of Columbia District Court, "[a]llowing separate recovery for each and every technical violation alleged would create a windfall for plaintiffs clearly not in the contemplation of Congress." *Id.* at 540.

As discussed above, federal statutes do not always confer subject matter jurisdiction to the District Courts. *Murphy*, 997 F. Supp. at 1349-50. "What ultimately must be determined is whether Congress intended to create the private remedy asserted." *Id.* (quoting *Transamerica Mortgage Advisors*, *Inc. v. Lewis*, 444 U.S. 11, 15-16 (1979)). As recognized by other district courts, the language of the TCPA unequivocally indicates that Congress did not intend to confer an individual right to remedy violations of section 227(d). *See Kopff v. Battaglia*, 425 F. Supp. 2d 76, 91 (D.D.C. 2006); *Klein v. Vision Lab Telecomms., Inc.*, 399 F. Supp. 2d 528, 539 (S.D.N.Y. 2005); *Adler v. Vision Lab Telecomms., Inc.*, 393 F. Supp. 2d 35, 38-39 (D.D.C. 2005); 28 U.S.C. § 227(f)(1). Plaintiff, therefore, cannot maintain a private right of action for any alleged violations of section 227(d). Consequently, there is no federal question apparent from the face of Plaintiff's Complaint, regardless of how the Complaint is construed, and this Court lacks subject matter jurisdiction over the action.

## V. CONCLUSION

For the reasons discussed above, removal to the District Court was improper as the Court lacks subject matter jurisdiction over Plaintiff's Complaint. Accordingly, the Court remands this action to the small claims division of the San Francisco County Superior Court. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court is directed to mail to the Clerk of the San Francisco County Superior Court a copy of the order of remand.

IT IS SO ORDERED.

Dated: July 23, 2007

JOSEPH C. SPERO
United States Magistrate Judge

13